ESTADOS UNIDOS DE AMÉRICA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 1010.—*Sometido:* Noviembre 1, 1937. *Resuelto:* Noviembre 24, 1937.

*A. Cecyl Snyder*, abogado del recurrente;

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Miguel Avilés Vizcarrondo, dueño de una finca de 59 cuerdas en el barrio Caín Alto, de San Germán, segregó por escritura pública núm. 63 de 3 de mayo de 1937 tres cuerdas para constituir con ellas una finca independiente e inscribirla bajo distinto número en el Registro.

El 25 de junio de 1937 vendió la parcela segregada a los Estados Unidos de América, según escritura pública núm. 128, que otorgó el día 25 de junio de 1937, en unión de su esposa Ruperta Cruz Cherena, a favor de Jorge E. Frank, en su carácter éste de representante de Ernest H. Gruening, Administrador de la Puerto Rico Reconstruction Administration.

Presentada para su inscripción en el registro la escritura núm. 128 antes referida, acompañada de la núm. 63 (supra) como documento complementario, el registrador se negó a inscribirla consignando sus razones en una nota denegatoria que lee como sigue:

"DENEGADA la inscripción de venta que comprende el documento anterior, tomándose en su lugar anotación preventiva por el término legal de 120 días, a favor de los Estados Unidos de América, al folio 15 del tomo 126 de San Germán, finca número 4513, anotación letra A, por los siguientes fundamentos:

"(a) Porque la finca cuya inscripción de venta se interesa es una segregación de otra finca de mayor cabida, sin que tal segregación se encuentre inscrita como finca separada a favor del vendedor Sr. Avilés Vizcarrondo, según las terminantes disposiciones de la Ley Hipotecaria en su artículo veinte, que requiere la previa inscripción de los derechos enajenados.

"(2) Porque en el presente caso lo que ha querido evadirse precisamente es el pago de los derechos correspondientes a la inscripción previa de esa segregación, como es de verse de la nota al margen del asiento de presentación número 296 del tomo 110 del Diario, en cuyo asiento se presentó la escritura número 63 que ahora se acompaña como documento complementario, para inscribir previamente esa segregación a favor del Sr. Avilés Vizcarrondo, pero sin consignar en sellos los derechos correspondientes a la misma, por cuyo motivo se devolvió el documento sin practicar operación alguna.

"(3) Y porque existe un título que requiere una previa inscripción en este Registro, que es la citada escritura número 63 presentada ahora como complementaria, para poder inscribir la venta a favor de los Estados Unidos de América, sin que en forma alguna se salve el impedimento de la previa inscripción, presentando dicha escritura como documento complementario.

"La finca sorporta la hipoteca a favor del Federal Land Bank of Baltimore que se relaciona en este documento, otra a favor de Horacio Pagán y un contrato agrícola a favor de la South Porto Rico Sugar Company of Porto Rico, todas cuyas cargas afectan la finca principal."

No conforme el recurrente con dicha nota, pide a este tribunal que la revoque en el presente recurso gubernativo.

■ Para inscribir la compraventa a favor de la Puerto Rico Reconstruction Administration no era necesario que se inscribiera previamente a nombre del vendedor que hizo la segregación la parcela de terreno segregada. Habiéndose presentado al registro la escritura de segregación de la parcela de tres cuerdas y la de venta de dicha parcela a la Puerto Rico Reconstruction Administration, el Registrador recurrido pudo y debió inscribir la nueva finca a nombre de la Puerto Rico Reconstruction Administration, toda vez que los títulos a través de los cuales se hizo el traspaso constan ya inscritos a nombre del anterior dueño. Véase Ley núm. 103 de 12 de mayo de 1937 (pág. 252).

■ Tampoco estuvo justificado el recurrido al exigir los derechos a que se refiere el párrafo segundo de su nota, puesto que de su pago fueron eximidos los ''Estados Unidos de América, la Puerto Rico Reconstruction Administration y el Administrador de esta agencia federal'' por ley de la Asamblea Legislativa núm. 78 de 10 de mayo de 1937 (pág. 218).

*La nota recurrida debe revocarse y, en su consecuencia, ordenarse la inscripción solicitada.*

El Juez Asociado Señor Córdova Dávila no intervino.